UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:25-CR-21-KAC-DCP |
| v. | ) | |
| | ) | |
| TIMOTHY C. CLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO WITHDRAW FROM PLEA AGREEMENT AND CONTINUING TRIAL

This criminal case is before the Court on Defendant Timothy C. Clowers's (1) Motion to Withdraw From Plea Agreement [Doc. 30] and (2) Motion to Continue Trial Date [Doc. 32]. For the reasons below, the Court grants both Motions.

Starting with Defendant's Motion to Withdraw, on August 11, 2025 Defendant signed a Plea Agreement with the United States [*See* Doc. 16]. Thereafter, Defendant wrote letters to the Court expressing, among other things, his preference for new counsel [*See* Docs. 23, 24]. On September 11, upon counsel's motion, [*see* Doc. 21], the Court appointed new counsel to represent Defendant [Doc. 27]. Then, on October 21, Defendant filed a Motion seeking to withdraw from his Plea Agreement with the United States [Doc. 30]. The United States has not opposed Defendant's request to withdraw, and the time to do so has passed. *See* E.D. Tenn. L.R. 7.2.

Moving to Defendant's Motion to continue, Defendant asserts that if he "is allowed to withdraw" from his plea agreement, his attorney "will need additional time to review discovery, investigate potential defense theories and track down defense witnesses prior to trial" [Doc. 32 at 2]. And Defendant asks to continue the trial date to "early 2026" [*Id.* at 1-2]. Defendant "is aware

of and waives any potential speedy trial issues as a result of a continuance" [*Id.* at 2]. Additionally, Defendant recognizes that the plea deadline has passed and asks the Court to "set a new" "plea deadline" prior to trial [*Id.* at 3]. The United States "has no opposition" to this motion either [*Id.*].

"A defendant has an absolute right to withdraw an unaccepted guilty plea." *United States v. Andrews*, 857 F.3d 734, 739 (6th Cir. 2017) (quotations and citations omitted); *see also* Fed. R. Crim. P. 11(d)(1) (permitting a defendant to withdraw at this stage "for any reason or no reason"). "[A] determination that the plea was not accepted eliminates any discretion on the part of the district court with respect to a motion to withdraw." *Andrews*, 857 F.3d at 739 (citations omitted). The Court has not accepted Defendant's guilty plea. Therefore, the Court grants Defendant's Motion to Withdraw From Plea Agreement [Doc. 30].

Now that Defendant has withdrawn from his plea agreement, the Court may extend a deadline for "good cause" where a party files a motion "before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(A). The court may also extend time "on its own." Fed. R. Crim. P. 45(b)(1). Also relevant here, the Speedy Trial Act requires that a criminal case be tried within seventy (70) days after the later of the public filing of the Indictment or the Defendant's initial appearance. *See* 18 U.S.C. § 3161(c)(1). However, certain "periods of delay" are excludable. 18 U.S.C. § 3161(h). As is relevant here, "any period of delay resulting from a continuance granted by [a] judge on [her] own motion or at the request of the [D]efendant or . . . the Government" is excludable if the Court granted the continuance because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, Defendant's newly-appointed counsel needs additional time to familiarize himself with this case and conduct further investigation before trial [Doc. 32 at 1-2]. This is sufficient to

2

Case 3:25-cr-00021-KAC-DCP    Document 33    Filed 11/12/25    Page 2 of 4    PageID #: 65

establish "good cause" under Rule 45(b)(1)(A) to support Defendant's request to continue the trial date. Defendant also seeks to extend the plea agreement deadline. Although the plea agreement deadline has passed, granting that request may enable a resolution short of trial, which may benefit Defendant. The Court therefore extends the plea agreement deadline "on its own" to facilitate potential negotiations and allow Defendant to fully consider his options with new counsel. *See* Fed. R. Crim P. 45(b)(1).

Further, the ends of justice served by continuing this trial outweigh the best interest of the public and the Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Failure to grant a continuance at this stage with newly appointed counsel would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). And a failure to continue trial where counsel has not had adequate time to prepare would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

For the reasons above, the Court **GRANTS** Defendant's (1) Motion to Withdraw From Plea Agreement [Doc. 30] and (2) Motion to Continue Trial Date [Doc. 32]. The Court **AMENDS** the "Order on Discovery and Scheduling" [Doc. 10], previous Order Continuing Trial [Doc. 15], and Pretrial Order [Doc. 18]. The Court **EXTENDS** the plea agreement deadline to **February 2, 2026**. A pretrial conference shall be held before the undersigned on **February 17, 2026 at 10:00 a.m.** The trial of this matter is **RESCHEDULED** to <u>**March 3, 2026 at 9:00 a.m.**</u> All deadlines in the Pretrial Order [Doc. 18] set as a number of days before trial are **RESET** in accordance with the rescheduled trial date.

The time between and including the current trial date of November 25, 2025 and the new trial date of March 3, 2026 is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A)-(B).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge