| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-21-KAC-DCP |
| | ) | |
| TIMOTHY CLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the undersigned on the Motion to Withdraw as Counsel of Record [Doc. 44], filed on July 1, 2026 by Attorney Donny M. Young. The parties appeared for a hearing on this motion on July 14, 2026. Assistant United States Attorney Kevin Quencer ("AUSA Quencer") represented the Government. Attorney Donny M. Young ("Attorney Young") appeared with Defendant Clowers, who was also present. CJA Attorney Jonathan Wood ("Attorney Wood") was also present at the Court's request.

The Court appointed Attorney Young to represent Defendant on January 13, 2026 [Doc. 36].[1] On July 1, 2026, Attorney Young filed the instant motion seeking to withdraw as counsel

---

[1] The Court initially appointed Nick Wallace of Federal Defender Services of Eastern Tennessee to represent Defendant at his initial appearance and arraignment on May 23, 2025 [Doc. 7]. Mr. Wallace later filed a Motion to Withdraw as Attorney [Doc. 21], and on September 9, 2025, Jamie Poston Hughes was substituted as counsel for Defendant [Doc. 27]. Upon accepting a position as an assistant district attorney, Ms. Hughes withdrew from representation, and the Court substituted Attorney Young as counsel for Defendant [Doc. 36].

[Doc. 44]. In the motion, Attorney Young states that issues have arisen in the attorney/client relationship causing it to be irretrievably broken [*Id.* ¶ 4]. Specifically, the motion reflects that in a recent meeting, Defendant "disagreed with counsel on interpretations of certain caselaw and statutes" and "demanded that counsel withdraw from his case" [*Id*. ¶¶ 2–3]. Attorney Young represents that "[i]t appears that the defendant has lost confidence in counsel's ability to adequately represent him" and "it is in the defendant's best interest that Counsel be allowed to withdraw" [*Id.*].

At the motion hearing, the Government confirmed that it had no position on the motion. The Court also conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that it made inquiry of both Attorney Young and Defendant concerning the deterioration of the relationship and that based on their respective representations, the Court is reasonably satisfied that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, which is suffering from a breakdown of communication and trust that has compromised beyond repair Attorney Young's ability to continue to defend Defendant Clowers and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to substitute new counsel under the particular circumstances of this case.

Therefore, the Motion to Withdraw as Counsel of Record [**Doc. 44**] is **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Attorney Young is relieved as counsel of record for Defendant Clowers and Attorney Young is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented

2

continuously by counsel. Attorney Wood was present at the hearing and agreed to accept representation of Defendant Clowers. The Court **SUBSTITUTES** and **APPOINTS** Attorney Wood under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Clowers.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Counsel of Record [**Doc. 44**] is **GRANTED**;

(2) Attorney Young is **RELIEVED** of his representation of Defendant Clowers, and he is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

(3) Attorney Jonathan Wood is **SUBSTITUTED** and **APPOINTED** as Defendant Clower's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3